# EXHIBIT A

EFiled:  Aug 05 2014 11:43AM EDT
Transaction ID 55834264
Case No. N14C-08-035 WCC CCLD

**IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| RICHARD J. WILLIAMS & MARY ANN CLOUD-WILLIAMS, Delaware residents, on their behalf and of those similarly situated Delaware residents, | ) ) ) ) | Case No.: _____ |
| | ) | JURY TRIAL DEMANDED |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| OCWEN LOAN SERVICING, LLC, a Florida resident, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

### I.  THE PARTIES

1.      Plaintiff, RICHARD J. WILLIAMS, is a resident of the state of Delaware whose home-secured loan has been serviced by Defendant at all relevant times covered by this action.

2.      Plaintiff, MARY ANN CLOUD-WILLIAMS, is a resident of the state of Delaware whose home-secured loan has been serviced by Defendant at all relevant times covered by this action.

3.      Plaintiffs executed the 27 February 1995 mortgage ("the Mortgage") for a home at 324 Canvasback Road, Middletown, DE 19709, which is primarily for personal, family, or household purposes.

4.      Defendant OCWEN LOAN SERVICING, LLC (hereafter "Ocwen") is the servicer of Plaintiffs' Mortgage.  Defendant Ocwen regularly conducts business in Delaware, with its

headquarters and principal place of business at 1661 Worthington Road, Suite 100, West Palm

Beach, Florida, 33409.

## II.   **THE INDIVIDUAL FACTS**

5.      The Plaintiffs fell behind on their mortgage in 2006 because of illness and job loss

within the family.

6.      The Plaintiffs filed for Chapter 13 Bankruptcy relief in 2006, Case No. 06-10560

filed on 06/08/2006.

7.      The Plaintiffs successfully completed their bankruptcy plan and received their

discharge on 12/20/2011.

8.      At the conclusion of the 2006 Chapter 13 proceeding, the Plaintiffs acknowledged

being approximately one (1) month behind and owing certain fees and costs associated with post-

petition payments.

9.      On 30 August 2013, the Debtors commenced their second bankruptcy.

10.     The second bankruptcy was solely occasioned by the purported arrears on the

Mortgage.

11.     Specifically, the Plaintiffs were informed in 2012 by Ocwen that they were in

default and that foreclosure proceedings would be initiated because the Debtors were sixteen (16)

payments in arrears.

12.      At that time, the Plaintiffs were not materially behind on their mortgage payments.

13.     Thereafter, the Defendant asserted a massive delinquency and refused to accept

twelve separate tendered monthly payments from the Debtors, and pressed forward with

foreclosure.

14.     The 2013 bankruptcy was initiated to determine the Defendant's prepetition claim (the "massive delinquency" referred to in averment 13).

15.     The Defendant promptly filed a proof of claim for $43,388.42 in prepetition arrearages.

16.     Thereafter, the Defendant refused to reconcile the checks provided by the Plaintiff and again insisted that the Plaintiff was not current on the mortgage.

17.     The Defendant demanded a trial as to the arrearage.

18.     The Bankruptcy Court found that Ocwen had misstated the arrearage by $27,264.18, or by 62.8%.

19.     In fact, the only arrears that were associated with the Plaintiffs' account were the twelve payments that were wrongly refused by the Defendant.

20.     The Bankruptcy Court characterized the Defendant's behavior as "unfounded and incorrect assertion of a material default and its pursuit of foreclosure are the cause of [the 2013] bankruptcy."

21.     Defendant Ocwen is the "master servicer" of Plaintiffs' mortgage loan.

## III.   CLASS CLAIMS

### i.   Class Elements: 23(a)

22.     On information and belief, the Defendant services thousands of mortgages statewide.

23.     On information and belief, the Defendant has engaged in similar behavior in similar cases.

24.     Accordingly, joinder of all effected parties is impracticable.

25.     The questions of law and fact are common, in that the question is whether the Defendant is overstating mortgage arrears when it comes to these mortgages.

26.     The named Plaintiffs' claims and defenses are typical to this class.

27.     Given the named Plaintiffs' acumen, background, and their willingness to face down this organization, we believe that there is little question that they can adequately protect the interests of the class.

## ii.     CLASS ELEMENTS: 23(b)(2)

28.     The Plaintiff alleges that the Defendant has acted on grounds generally applicable to the class, and therefore that final injunctive or declaratory relief with respect to the class as a whole is appropriate.

29.     To wit, it is appropriate to enjoin the Defendant from continuing their practice of wrongly overstating mortgage arrears.

## iii.    CLASS ELEMENTS: 23(B)(3)

30.     The named Plaintiffs aver that the questions of law or fact are common to the members of the class.

31.     Questions of law or fact common to the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32.     Due to the cost of prosecuting said claims, and the difficulty in the same, the interest of members of the class in individually controlling the prosecution or defense of separate actions is minimal.

33.     On information and belief, no analogous litigation has been filed. Concentrating these claims in this forum inures to the benefit of all involved as it provides for the efficient adjudication of the same before a forum renowned for said efficiency.

34.     There are no uncommon foreseeable difficulties associated with the management of this action.

## IV.     GROUNDS FOR RELIEF

### iv.     Conversion

35.     Plaintiff repeats and realleges each paragraph set forth above as if fully set forth herein.

36.     As described above, at all times relevant without limitation, Defendant has wrongfully and intentionally misapplied Plaintiffs' payments and diverted them to unauthorized and non-bona fide fees, including the systematic charge of bankruptcy fees and expenses, foreclosure fees and costs, property valuation and inspection fees, certified mail fees, title report fees, etc., instead of properly applying them to escrow accounts and to reduce principal and interest, as required by the Mortgage.

37.     In addition, Defendant has wrongfully and intentionally misapplied Plaintiffs' payments.

38.     Defendant exercised dominion and control of Plaintiffs' payments and Defendant's conduct amounts to a wrongful taking of Plaintiffs' personal property.

39.     At all times relevant, Defendant was aware that its conduct of taking Plaintiffs' personal property, by improperly diverting Plaintiffs' payments to pay their own improperly assessed fees and holding Plaintiffs' payments in suspense – instead of reducing escrow, interest,

and principal balance as directed by the Mortgage – could potentially result in foreclosure and Plaintiffs' homelessness.

40.     By the actions pleaded herein, Defendant has caused Plaintiffs to be subject to unfair default fees and charges as well unfair attorney's fees, a wrongful foreclosure action and an unnecessary chapter 13 filing and related expenses, expenditures of time and resources, and has injured Plaintiffs' credit.

41.     Plaintiffs are therefore entitled to damages.

**v.     Intentional/Reckless Infliction Of Emotional Distress**

42.     Plaintiffs repeat and reallege each paragraph set forth above as if fully set forth herein.

43.     As described above, at all times relevant without limitation, Defendant has wrongfully, willfully and/or intentionally misrepresented the assessments it was permitted to charge Plaintiffs and misrepresented the status and amount of the debt. Defendant conditioned reinstatement upon such false/incorrect representations. Defendant did this with the intent and knowledge that Plaintiffs would reasonably rely upon those representations.

44.     Plaintiffs reasonably relied on Defendant's material misrepresentations to their detriment.

45.     At all times relevant, Defendant was aware that it's conduct of misrepresenting the status of the debt and by improperly diverting Plaintiffs' payments to pay its own fees and holding her payments in suspense versus reducing her escrow, interest, and principal balance, would potentially result in foreclosure and Plaintiffs' homelessness.

46.     By the actions pleaded herein, Defendants have caused Plaintiff to be subject to unfair default fees and charges as well unfair attorney's fees, a wrongful foreclosure action and an

unnecessary chapter 13 filing and related expenses, expenditures of time and resources, and has injured Plaintiffs' credit.

47.     Defendant's actions pleaded herein were intentional or reckless, outrageous, and intolerably offensive to generally accepted standards of decency and morality, and generally accepted accounting principles, entitling Plaintiffs to an award of punitive damages in an amount to be determined by the evidence at trial.

**vi.     Breach Of Good Faith & Fair Dealing**

48.     Plaintiffs repeat and reallege each paragraph set forth above as if fully set forth herein.

49.     An implied covenant of good faith and fair dealing governs the performance of all contracts entered into under Delaware law, and neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the benefit of their contract.

50.     Defendant breached its duty and acting in bad faith by actions which include but are not limited to: (i) knowingly failing to apply payments in the manner prescribed by the Note and Mortgage, (ii) knowingly charging fees that were not agreed to in the Note and Mortgage and were not allowed by contract or law or otherwise bona fide; (iii) attempting to maximize its profits with the goal of putting Plaintiffs' account in default so it could then charge Plaintiffs additional default-related fees; (iv) knowingly making demands for payment were structured in a way that made it extremely difficult for Plaintiffs to determine how much they owed, or how their payments were allocated; (v) refusal to work with Plaintiffs to correct errors and accept payment when the Mortgage was not in default; (vi) by attempting to profit from collecting more interest than due under the terms of the Note and Mortgage; (vii) by attempting to profit from lucrative illegitimate fees and instigating unfair foreclosure proceedings when Plaintiffs had paid in full their scheduled

principal and interest due, and (viii) by attempting to profit from lucrative illegitimate fees and bringing a foreclosure suit.

51.    As a direct and proximate cause of Defendant's conduct as described herein, Plaintiffs have suffered monetary damages including a second bankruptcy. Further, Plaintiffs' have been in jeopardy of losing their home and have suffered associated emotional stress, anxiety, depression, loss of sleep, fear and uncertainty about their future. The total amount of compensatory and punitive damages will be determined by the evidence at trial.

52.    Defendant's actions pleaded herein were intentional or reckless, outrageous, and intolerably offensive to generally accepted standards of decency and morality, and generally accepted accounting principles, entitling Plaintiffs to an award of punitive damages in an amount to be determined by the evidence at trial.

### vii.    Negligent Misrepresentation

53.    Plaintiff repeats and realleges each paragraph set forth above as if fully set forth herein.

54.    At all times relevant, without limitation, Defendant supplied false information and/or failed to disclose information and failed to use reasonable care in communicating information to Plaintiffs regarding the servicing of their account.

55.    Plaintiffs reasonably relied upon Defendant's communication of such false information.

56.    By the actions pleaded herein, Defendant has caused Plaintiffs to be subject to unfair default fees and charges as well unfair attorney's fees, a wrongful foreclosure action and an unnecessary chapter 13 filing and related expenses, expenditures of time and resources, and has injured Plaintiffs' credit.

57.     Plaintiff is therefore entitled to damages.

**viii.     Breach Of Contract**

58.     Plaintiffs repeat and reallege each paragraph set forth above as if fully set forth herein.

59.     The relevant Mortgage is a contract.

60.     At all times relevant, without limitation, Defendant breached the terms and conditions of the Mortgage by actions described above which include but are not limited to: (i) failure to apply payments in the manner prescribed by the Note and Mortgage resulting in the failure to reduce Plaintiffs' principal balance and Defendant's collection of interest in excess of the parties' agreement; and (ii) charging fees that were not agreed to in the Mortgage and were not allowed by law and that were not bona fide charges; and (iii) instituting foreclosure proceedings in violation of the terms of the Mortgage.

61.     By the actions pleaded herein, Defendant have caused Plaintiffs to be subject to unfair default fees and charges as well unfair attorney's fees, a wrongful foreclosure action and an unnecessary chapter 13 filing and related expenses, expenditures of time and resources, and has injured Plaintiffs' credit.

62.     Plaintiffs are therefore entitled to damages.

**ix.     Violation of the Fair Debt Collection Practices Act**

63.     Defendant Ocwen serviced the mortgage at all relevant times.

64.     Defendant Ocwen does not fall within the exemption for servicers not assuming servicing of a loan while in default at 15 U.S.C. § 1692a(6)(f)(iii), and therefore Defendant Ocwen is subject to the prohibitions of the FDCPA.

65.     As described above, Defendant Ocwen violated the FDCPA, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Defendant's violations include, but are not limited to, the following: (i) misrepresenting the character, amount or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A); (ii) misrepresenting the services rendered or compensation which may be lawfully received in connection with the collection of the debt in violation of 15 U.S.C. § 1692e(2)(B); (iii) threatening to take action that cannot be legally taken in violation of § 1692e(5); (iv) generally utilizing false and deceptive means to collect or attempt to collect a debt in violation of § 1692e(10); (v) engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of § 1692d; and (vi) attempting to collect an amount in excess of what is lawfully owed in violation of § 1692f(1).

66.     As a result of the above violations of the FDCPA, Plaintiffs have suffered substantial actual damages including but not limited to loss of money, emotional and mental pain and suffering, humiliation, and embarrassment.

67.     Plaintiff is therefore entitled to a declaratory judgment that Defendant Ocwen's conduct violated the FDCPA, and Plaintiffs' actual damages, statutory damages, and costs and attorney's fees.

## V.     <u>PRAYER FOR RELIEF</u>

68.     Wherefore, the Plaintiffs request the following relief:

a.  A Declaration that Defendant's actions constitute fraud/intentional misrepresentation, conversion, breach of good faith and fair dealing, negligent misrepresentation, and breach of contract;

b.  A Declaration that Defendant Ocwen's actions violate the FDCPA;

c.  Award actual, compensatory, and punitive damages and/or offset, or in the form of recoupment to diminish or extinguish Defendant's monetary demands;

d.  Award statutory damages and/or offset or recoupment pursuant to 15 U.S.C. § 1692k, as well as attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a);

e.  Grant appropriate equitable relief, including restitution of reasonable attorney's fees and for the costs of this litigation;

f.  Grant any other relief to which Plaintiffs may be entitled; and

g.  Grant all such other and further relief as the Court deems just.

August 5, 2014

AVENUE LAW

Peter K. Schaeffer (DE Bar No. 5255)
1073 S. Governor's Ave.
Dover, DE 19904
Tel: 302.674.2210
pschaeffer@avenuelaw.com

BILLION LAW

Mark M. Billion (DE Bar No. 5263)
2 Mill Road, Ste. 202
Wilmington, DE 19806
Tel: 302.428.9400
Fax: 302.450.4040
markbillion@billionlaw.com

*For the Plaintiffs*